**Brian C. Butler**
**Assistant Federal Public Defender**
**15 Newtown**
**Medford, OR  97501**
**(541) 776-3630 Telephone**
**(541) 776-3624 Facsimile**
**Brian_Butler@fd.org**

**Attorney for Defendant**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**WILLIAM GREGORY DOUGLAS,**

**Defendant.**

**No. 1:18-cr-00464-AA-1**

**REQUEST FOR DISCOVERY**

Defendant, William Gregory Douglas, through his attorney, Assistant Federal Public Defender Brian C. Butler, advises the Court and the government of his request, pursuant to Federal Rule of Criminal Procedure 16 and the United States Constitution and other authorities cited below, that the United States Attorney disclose, produce, and make available for examination and copying by defense counsel, or his agents, the items described below, whether currently in the possession, custody, control, or knowledge of

**Page 1 REQUEST FOR DISCOVERY**

the United States Attorney, or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.

## REQUEST FOR DISCOVERY

Rule 16 of the Federal Rules of Criminal Procedure is "intended to prescribe the minimum amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases."  *United States v. Armstrong*, 517 U.S. 456, 475 (1996) (Breyer, J., concurring) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment); *see also United States v. Burns*, 15 F.3d 211, 215 n.2 (1st Cir. 1994).[1]

Moreover, under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), "the individual prosecutor has a *duty to learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police."  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (emphasis added); *United States v. Hanna*, 55 F.3d 1456, 1461 (9th Cir. 1995) (same); *see United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("better practice is for the prosecutor herself to review [surveillance notes for *Brady* material]"); *see also* U.S. Dep't of Justice, *U.S. Attorneys' Manual*, § 9-5.001(B)(2) (2014) ("It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team . . . includ[ing] federal, state,

---

1 All further references to "Rules" are to the Federal Rules of Criminal Procedure.
**Page 2 REQUEST FOR DISCOVERY**

and local law enforcement officers and other government officials participating in . . . the criminal case against the defendant.").

In light of the foregoing, and in light of the authority set forth below, the defendant requests the government to produce discovery of the following:

1.      All state or federal reports relating the circumstances of any search involving the defendant or his property, each co-defendant and his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches.  This information is necessary to enable to the defendant to prepare motions to suppress evidence.  Rule 16(a)(1); 12(b)(3); 41(h).

2.      All written or recorded statements of the defendant and any co-defendant (including, but not limited to, grand jury testimony, telephone calls, depositions, etc.). *See* Rule 16(a)(1)(B); *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("the Government should disclose any statement made by the defendant that may be relevant"), *receded from on other grounds by United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (ordering disclosure when government "offered no compelling explanation" for non-disclosure of statements of co-defendant).

3.      The substance of all oral statements of the defendant and any co-defendant to any government agent.  Rule 16(a)(1)(A); *see United States v. Camargo-Vergara*, 57 F.3d

**Page 3 REQUEST FOR DISCOVERY**

993, 998–99 (11th Cir. 1995) (finding reversible error in failure to disclose defendant's

post-arrest statement where defense strategy affected); *Alex*, 788 F. Supp. at 1016.

4.      Any agent's underlying rough notes of the statements requested in items 2

and 3 above.  *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (requiring

preservation of rough notes of interviews with the accused); *United States v. Layton*, 564

F. Supp. 1391, 1395 (D. Or. 1983) (exercising discretion under Rule 16 to order disclosure

of notes of interview with defendant).

This request includes all entries in officers' field notebooks or equivalent. *United

States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999) (reversing due to destruction of interview

notes when there "was no substitute for the notes except the recollections of the agent

and the witness, which differed in several respects"); *Alvarez*, 86 F.3d at 904 n.2 ("Under

the Jencks Act, witness statements, including reports prepared by testifying officers, must

be turned over to the defense.  Although an officer's 'rough notes' need not be disclosed

pursuant to the Jencks Act as witness statements, they must be disclosed pursuant to

*Brady* if they contain material and exculpatory information." (citation omitted)); *United

States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991) ("[The witness]'s confirmation of the

facts in the notes before they were dictated on tape makes the notes and the tape

producible under Jencks"); *United States v. Well*, 572 F.2d 1383, 1384 (9th Cir. 1978)

(holding that tape recordings of interviews are discoverable under the Jencks Act); *United

**Page 4 REQUEST FOR DISCOVERY**

*States v. Wicktor*, 403 F. Supp. 2d 964, 967 (D. Ariz. 2005) (holding that an officer who testifies at a preliminary hearing based on written reports of other detectives adopts those detectives' reports as his "statements" for Jencks Act purposes); *see also Goldberg v. United States*, 425 U.S. 94, 98 (1976) ("[A] writing prepared by a Government lawyer relating to the subject matter of the testimony of a Government witness that has been 'signed or otherwise adopted or approved' by the Government witness is producible under the Jencks Act.").

5.    A copy of the defendant's and co-defendants' record of prior convictions and the FBI rap sheet.  Rule 16(a)(1)(D); *see United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991) (per curiam).  Both national and local criminal records should be searched.  *See United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation."); *see also United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (extending *Bryan* to agencies which did not participate in the investigation when prosecutor knew of and had access to related files).

6.    All books, papers, documents, tangible objects, photographs, buildings or places which are "material to preparing the defense."  Rule 16(a)(1)(E)(i); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (requiring disclosure of all records of meetings

**Page 5 REQUEST FOR DISCOVERY**

between defendant and the FBI in order to prepare entrapment defense); *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003) (holding that a narcotics detection dog's training and certification records were material and discoverable where reasonable suspicion was based on the dog's alert); *see also United States v. Thomas*, 726 F.3d 1086, 1096 (9th Cir. 2013) (same), *cert. denied*, 134 S. Ct. 2154 (2014); *United States v. Bergonzi*, 216 F.R.D. 487, 501–02 (N.D. Cal. 2003) (holding that the company's internal report and interview memoranda were material in a securities fraud prosecution because they were prepared with an eye toward discovering who was culpable for the crime).

7.    All items in request 6 above which belong to the defendant. Rule 16(a)(1)(E)(iii).

8.    All items in request 6 above which were obtained from the defendant. Rule 16(a)(1)(E)(iii).

9.    Any evidence, including, but not limited to, the items in request 6 above which are intended for use by the government as evidence in its case-in-chief.  Rule 16(a)(1); *see* Rule 12(b)(4)(B); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992–95 (1st Cir. 1995) (holding that the government's failure to designate evidence violated former Rule 12(d)(2), now 12(b)(4), which "creates a notice requirement").

10.    Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including, but not limited to, chemical analysis,

**Page 6 REQUEST FOR DISCOVERY**

fingerprints, voice prints, handwriting, and any forensic analysis of digital devices, including providing the defense access to such data in the native file format if doing so is necessary to allow the defense access to the complete data available to the Government. *See* Rule 16(a)(1)(F).

11.     A written summary of all expert-witness testimony the government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications."  Rule 16(a)(1)(G); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("[F]airness requires that adequate notice be given to the defense to check the findings and conclusions of the government's experts." (quoting *United States v. Kelly*, 420 F.2d 26, 29 (2d Cir. 1969))); *United States v. Richmond*, 153 F.R.D. 7, 8 (D. Mass. 1994) (ordering disclosure of existing expert summaries "forthwith," and of yet-unwritten summaries no later than 45 days before trial); *see United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (stating that defendants could not hire their own expert "until they were informed of the adverse report of the government expert").

12.     A description of any prior conviction or prior "similar act" the government will seek to introduce at trial. Fed. R. Evid. 404(b)(2) (requiring "reasonable notice in advance of trial . . . of the general nature of any such evidence"); *United States v. Cook*, 608 F.2d 1175, 1186  (9th Cir. 1979) (en banc) ("Trial by ambush may produce good anecdotes

**Page 7 REQUEST FOR DISCOVERY**

. . . but tends to be counterproductive in terms of judicial economy."), *overruled in part on other grounds by Luce v. United States*, 469 U.S. 38 (1984).

13.     The personnel files of each law enforcement agent who will testify in the case.  The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegations that any officer has ever made a false statement or has a reputation for dishonesty.  *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991); *see Kyles*, 514 U.S. at 437 (stating that the "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf"); *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (finding error in failure to disclose agent's personnel file, which included a magistrate's characterization of agent's testimony as "absolutely incredible"); *United States v. Kiszewski*, 877 F.2d 210, 215–16 (2d Cir. 1989) (holding that the district court must review in camera an agent's personnel file to determine if impeachment matter, here allegations that agent accepted bribes, should be disclosed).

14.     Reports and records relating to any eavesdropping, wiretapping, or electronic recording of any kind relating to this case.  *See* 18 U.S.C. §§ 2510–2522 (2012).

15.     All notes or other writings or documents used by a prospective government witness before the grand jury.  *United States v. Wallace*, 848 F.2d 1464, 1470–71 (9th Cir. 1988) (holding that witness's notes were discoverable under Jencks Act because the

**Page 8 REQUEST FOR DISCOVERY**

witness "referred to and used the notes while testifying before the grand jury, thus 'adopting or approving' the notes as her own statements").

16.    The names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

17.    The arrest and conviction record of each prospective government witness. *United States v. Alvarez*, 358 F.3d 1194, 1207–08 (9th Cir. 2004) (holding that the defense is entitled to disclosure of *Brady* material in presentence reports); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (holding that when star witness had long criminal record, it was "the state's obligation to turn over all information bearing on that witness's credibility"); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (holding that criminal records of witnesses must be disclosed even if contained in a witness's probation file); *United States v. Auten*, 632 F.2d 478, 481–82 (5th Cir. 1980).   The government is required to search both national and local criminal record files.  *See Perdomo*, 929 F.2d at 970.

18.    Any evidence that a criminal case has recently been dismissed against any prospective government witness. *See Giglio v. United States*, 405 U.S. 150, 151 (1972) (requiring disclosure of promise that witness "would not be prosecuted if he testified for the government"); *United States v. Smith*, 77 F.3d 511, 513–15 (D.C. Cir. 1996) (holding that

**Page 9 REQUEST FOR DISCOVERY**

the dismissal of two felony cases pending against prosecution witness was material to impeachment and should have been disclosed pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138–39 (D.C. Cir. 1989).

19.     Any evidence that any prospective government witness has any criminal charge pending against him. *United States v. Fried*, 486 F.2d 201, 203 (2d Cir. 1973) (stating that a pending indictment can be relevant to bias and motive of witness); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (same).

20.     Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

21.     Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case. U.S. Const. amend. VI; *Roviaro v. United States*, 353 U.S. 53, 60–62 (1957).

22.     Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio*, 405 U.S. at 152–55 (agreement not to prosecute); *Jackson v. Brown*, 513 F.3d 1057, 1070–71 (9th Cir. 2008) (promise to write letter asking that witness serve sentence elsewhere); *United States v. Boyd*, 55 F.3d 239, 245–46 (7th Cir. 1995) (favors to cooperating

**Page 10 REQUEST FOR DISCOVERY**

witnesses, including use of illegal drugs and regular unsupervised access to female visitors which facilitated sex and drugs in United States Attorney's office); *Edwardo-Franco*, 885 F.2d at 1010 (earnings of informant in past cases); *United States v. Shaffer*, 789 F.2d 682, 689–90 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied post-trial payment); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding, even though it was conditional and no "promise" was made); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir. 1974) ("protective" custody status, per diem, and special privileges); *United States v. Burnside*, 824 F. Supp. 1215, 1259 (N.D. Ill. 1993) ("[D]efendants . . . were entitled to know . . . the government's lenient security measures, the absence of drug testing and the other benefits, all of which pointed to an implicit and illicit deal between the government and its witnesses.").

23.     Any evidence that any prospective witness has applied for, or requested from the government, any consideration or benefit including, but not limited to, any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request.  *Maxwell v. Roe*, 628 F.3d 486, 509–11 (9th Cir. 2010) (holding that the fact that witness sought out a better deal should have been disclosed,

**Page 11 REQUEST FOR DISCOVERY**

even though the witness did acknowledge receiving a deal); *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989).

24.     Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness.  *Silva v. Brown*, 416 F.3d 980, 986 (9th Cir. 2005) (holding that the government should have disclosed "the full extent of the prosecution's deal" with the witness); *Horton v. Mayle*, 408 F.3d 570, 578–79 (9th Cir. 2005) (finding material the failure to disclose leniency deal with witness); *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) ("[S]pecial immigration treatment by the INS and the DEA was highly relevant impeachment material."); *United States v. Kojayan*, 8 F.3d 1315, 1322, 1324–25 (9th Cir. 1993) (reversing conviction and remanding case to consider dismissal as sanction for government's failure to disclose deal between government and non-testifying witness); *Haber v. Wainwright*, 756 F.2d 1520, 1523–24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 6–7 (4th Cir. 1979) (agreement where witness was informed that "everything would be all right" if he testified must be disclosed); *Du Bose v. Lefevre*, 619 F.2d 973, 978–79 (2d Cir. 1980) (prosecutor's statement to the witness that he would "do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning).

**Page 12 REQUEST FOR DISCOVERY**

25.    The full scope of any witness's past cooperation with the government including, but not limited to, all monies, benefits and promises received in exchange for cooperation, the full extent of the witness's assets, and the status of the witness's present and past income tax liability.  *Shaffer*, 789 F.2d at 688–89 & n.7; *see Maxwell*, 628 F.3d at 511–12 (holding that witness's prior history as an informant should have been disclosed); *Singh v. Prunty*, 142 F.3d 1157, 1161–62 (9th Cir. 1998) (finding reversible error in prosecutor's failure to disclose cooperation agreement with key witness against defendant); *Edwardo-Franco*, 885 F.2d at 1009–10 (evidence of past services highly relevant to bias and interest); *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir. 1986) (reversing for failure to disclose contracts that would give impeachment evidence against key witnesses who were hired by government to investigate the defendant); *see also Blanco*, 392 F.3d at 392 (special immigration treatment from INS and DEA).

26.    All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias.  *See Kyles*, 514 U.S. at 454 (reversing for failure to disclose evidence of misidentification by crucial witness); *Riley*, 189 F.3d at 803 (reversing due to destruction of interview notes when there "was no substitute for the notes except the recollections of the agent and the witness, which differed in several respects"); *United States v. Service Deli Inc.*, 151 F.3d 938, 942–43 (9th Cir. 1998) (requiring disclosure of interview notes rather than summary when summary failed to disclose material

**Page 13 REQUEST FOR DISCOVERY**

information in the notes); *United States v. Steinberg*, 99 F.3d 1486, 1491 (9th Cir. 1996) (requiring disclosure that witness was involved in ongoing criminal activities while working as government informant, and that witness owed defendant money), *disapproved of on other grounds by United States v. Foster*, 165 F.3d 689, 692 n.5 (9th Cir. 1999); *United States v. Ogbuehi*, 18 F.3d 807, 811 (9th Cir. 1994) (requiring trial court to review notes taken during interview with co-defendant, which were read back to confirm their accuracy, in order to determine if notes were a "statement" under the Jencks Act); *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1463–64 (9th Cir. 1992) (finding that informant's recantation of earlier statement to DEA had to be disclosed under the Jencks Act as the recantation bore on credibility); *Boshell*, 952 F.2d at 1105 (finding that a witness's "confirmation of the facts in the notes before they were dictated on tape makes the notes and the tape producible under Jencks"); *United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990) (reversing when prosecutor withheld grand jury testimony of witness that contradicted trial testimony); *Wicktor*, 403 F. Supp. 2d at 967 (holding that an officer who testifies at a preliminary hearing based on written reports of other detectives adopts those detectives' reports as his "statements" for Jencks Act purposes); *see also United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.")

**Page 14 REQUEST FOR DISCOVERY**

27.    Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony.  *See Kyles*, 514 U.S. at 454 (reversing for failure to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514, 518–19 (D.C. Cir. 1996) (reversing for failure to disclose evidence that prosecution witness had lied under oath in a previous court proceeding involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091, 1099 (9th Cir. 1992) (finding that although dismissal of indictment was not warranted, prosecutor's failure to disclose witness's inconsistent prior testimony was "intolerable"); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988) (finding reversible error to withhold victim's prior inconsistent description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041–43 (5th Cir. 1985) (finding reversible error to withhold eyewitness's original failure to identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (holding that contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279–80 (5th Cir. 1961) (same); *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1202 (C.D. Cal. 1999) ("[A]ny variations in an accomplice witness's proposed testimony could be considered favorable to the defense and the existence of such differences should be disclosed under *Brady*.").

28.    Any evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person,

**Page 15 REQUEST FOR DISCOVERY**

whether or not a prospective witness.  *See United States v. Kohring*, 637 F.3d 895, 906–07 (9th Cir. 2010) (requiring disclosure of informant's previous inconsistent statements); *United States v. Minsky*, 963 F.2d 870, 872, 874–75 (6th Cir. 1992) (requiring disclosure of third party's statements to FBI contradicting witness); *Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir. 1992) (finding that the state was required to disclose that a key witness had previously identified someone else in a lineup); *United States v. Galvis-Valderamma*, 841 F. Supp. 600, 607–10 (D.N.J. 1994) (granting retrial where statements should have been disclosed that bag of heroin found in car was not in plain view); *see also United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (information may be material even if it speaks only to defendant's credibility).

29.     Any evidence that any government witness has threatened another government witness in an attempt to influence his testimony.  *United States v. O'Conner*, 64 F.3d 355, 359–60 (8th Cir. 1995).

30.     Any evidence that a witness has engaged in crimes even though he has not been convicted of those crimes. *United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (stating that a prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Powell*, 287 F.2d at 280–81 (requiring disclosure of witness's admission to prosecutor that he engaged in several crimes); *Burnside*, 824 F.

**Page 16 REQUEST FOR DISCOVERY**

Supp. at 1271–72 (granting new trial to disclose ongoing illegal drug use by cooperating witnesses); *United States v. Boffa*, 513 F. Supp. 444, 500 (D. Del. 1980) (requiring pretrial disclosure of witnesses' prior bad acts); *see Giglio*, 405 U.S. at 154 (holding as material any evidence that witnesses might not be credible).

31.    Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) (finding *Brady* violation in failure to disclose evidence that key witness had previously falsely accused defendant of murder); *Carriger*, 132 F.3d at 481 ("The telling evidence that remained undisclosed included . . . [the witness's] long history of lying to the police and blaming others to cover up his own guilt."); *United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993) ("[A] lie to the authorities paying for his services by an informant–witness about his felony criminal record would be relevant evidence as to the informant's credibility."); *Brumel-Alvarez*, 991 F.2d at 1463 (requiring disclosure of evidence that witness lied during investigation); *Minsky*, 963 F.2d at 875 (requiring disclosure of  witness's false statements to FBI); *Strifler*, 851 F.2d at 1202 (requiring disclosure of probation file listing instances of the witness lying to authorities).

32.    Any evidence that any witness has a tendency to lie or exaggerate his testimony.  *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) (reversing for failure to discover or disclose witness's history of fraud and dishonesty); *Brumel-Alvarez*, 991 F.2d

**Page 17 REQUEST FOR DISCOVERY**

at 1458 (requiring disclosure of DEA agent's negative view of informant's credibility); *Strifler*, 851 F.2d at 1202 (requiring disclosure of probation file showing witness's tendency to lie or "overcompensate").

33.    Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any time prior to testifying in court. *See Benn*, 283 F.3d at 1056 ("[E]vidence that [a witness] was using drugs during the trial would reflect on his competence and credibility . . . [and] his ability to recollect or perceive the events."); *Burnside*, 824 F. Supp. at 1265 (granting a new trial for failure to disclose witnesses' continuing drug use, which was relevant to the witnesses' abilities to recollect and relate events, and because the government condoning the drug use was something "from which a fact finder could infer that these witnesses may have wanted to stay on the government prosecutors' good side and adjusted their testimony accordingly"); *see also Creekmore v. District Court of Eighth Judicial District of State of Mont.*, 745 F.2d 1236, 1238 (9th Cir. 1984) ("The goal of cross-examination is to expose flaws in a witness's memory, perception and narration.").

34.    Any medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired.  *See Bailey v. Rae*, 339 F.3d 1107, 1114–15 (9th Cir. 2003) (holding that the government should have disclosed reports that developmentally-delayed alleged victim

**Page 18 REQUEST FOR DISCOVERY**

knew the difference between appropriate and inappropriate touching); *United States v. Lindstrom*, 698 F.2d 1154, 1163–68 (11th Cir. 1983) (holding that psychiatric records are relevant to credibility); *Chavis*, 637 F.2d at 224 (requiring disclosure of psychiatric records reflecting on the competency or credibility of witness); *United States v. McFarland*, 371 F.2d 701, 705 (2d Cir. 1966) (stating that prior hospitalizations of witness for mental illness should be disclosed); *Powell*, 287 F.2d at 279 (same).

35.    Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony.  *See United States v. Bagley*, 473 U.S. 667, 683 (1985) (requiring disclosure that witnesses might have been biased against defendant); *Strifler*, 851 F.2d at 1202 (requiring disclosure of information regarding the witness's motive to inform against the defendant), *see also Napue v. Illinois*, 360 U.S. 264, 270 (1959) (holding that some evidence of bias does not diminish the value of other evidence of bias).

36.    Any impeaching or bad character evidence relating to any government witness, especially informants. *Giglio*, 405 U.S. at 154 (holding that evidence affecting credibility of witnesses is material); *Price*, 566 F.3d at 907 ("*Brady* encompasses impeachment evidence, and evidence that would impeach a central prosecution witness is indisputably favorable to the accused."); *Carriger*, 132 F.3d at 497–80 ("[T]he prosecution has a duty to learn of any exculpatory evidence known to others acting on

**Page 19 REQUEST FOR DISCOVERY**

the government's behalf."); *Bernal-Obeso*, 989 F.2d at 335 ("[I]t is essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed . . . to defense counsel as required by *Giglio* . . . .").

37.    Any evidence that a prospective government witness has not passed a polygraph examination or had inconclusive results. *Carter v. Rafferty*, 826 F.2d 1299, 1305–09 (3d Cir. 1987) (holding that oral reports of polygraph examination should have been disclosed); *see United States v. Lynn*, 856 F.2d 430, 432–34 (1st Cir. 1988) (finding abuse of discretion when court refused to admit polygraph to impeach witness).

38.    Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady*, 373 U.S. at 84–86 (requiring disclosure of accomplice's statement that he, not defendant, did actual shooting); *United States v. Jernigan*, 492 F.3d 1050, 1051 (9th Cir. 2007) (reversing for failure to disclose that similar crimes continued after defendant's arrest); *United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996) (reversing for exclusion of evidence that implied person other than defendant was the guilty party); *Banks v. Reynolds*, 54 F.3d 1508, 1517–18 (10th Cir. 1995) (requiring disclosure to defense that another person had been arrested for same crime); *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 834 (10th Cir. 1995) (holding that petitioner was denied fair trial by the failure to disclose police reports, physical evidence, and witness statements that pointed to a different murder suspect); *Hudson*, 979 F.2d at

**Page 20 REQUEST FOR DISCOVERY**

1058 (finding that state was required to disclose that a key witness had previously identified someone else in a lineup); *Miller v. Angliker*, 848 F.2d 1312, 1321–23 (2d Cir. 1988) (requiring disclosure of arrest and investigation of other suspect); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) (requiring disclosure of existence of suspect who resembled defendant); *Walker v. Lockhart*, 763 F.2d 942, 955 (8th Cir. 1985) (en banc) (holding that due process was violated by suppression of a prisoner's statement suggesting that he committed the shooting for which the defendant was convicted); *Sellers v. Estelle*, 651 F.2d 1074, 1076–77 (5th Cir. 1981) (remanding for failure to disclose police reports suggesting guilt of another); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978) (requiring disclosure of witness's description of crime which did not mention the presence or participation of defendant).

39.     Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful.   *Brumel-Alvarez*, 991 F.2d at 1458 (reversing where prosecution withheld a report that would have impeached a witness).

40.     The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of his identity or his participation in the crime charged, and the content of any such statement. *See Kyles*, 514 U.S. at 453–54 (requiring disclosure of inconsistent witness identifications); *Jones*, 575 F.2d at 1168 (requiring disclosure of eyewitness's statement which did not mention defendant); *Jackson v.*

**Page 21 REQUEST FOR DISCOVERY**

*Wainwright*, 390 F.2d 288, 298–99 (5th Cir. 1968) (requiring disclosure of witness's statement casting doubt on defendant's identity); *United States ex rel. Meers v. Wilkins*, 326 F.2d 135, 138 (2d Cir. 1964) (requiring disclosure of names of two witnesses who said that the defendant was not the bank robber after viewing him at police station).

41.     Any physical evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. *Smith v. Holtz*, 210 F.3d 186, 196–97 (3d Cir. 2000) (finding in § 1983 lawsuit that evidence of sand on victim's feet, which supported the defense's theory in the criminal trial, was *Brady* material); *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993) (requiring disclosure of photograph which potentially impeached government's key witness); *see also Miller v. Pate*, 386 U.S. 1, 6 (1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *Paradis v. Arave*, 240 F.3d 1169, 1173 (9th Cir. 2001) (requiring disclosure of prosecutor's notes taken during interview with government witness, even though notes themselves likely inadmissible); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (holding as *Brady* material Food and Drug Administration reports which would have helped impeach witness in prosecution for unlawful distribution of prescription drugs); *United States v. Alzate*, 47 F.3d 1103, 1107–10 (11th Cir. 1995) (granting new trial where prosecutor failed to correct his misstatement of fact regarding the existence of evidence supporting defense); *United States v. Spagnoulo*, 960 F.2d 990, 994

**Page 22 REQUEST FOR DISCOVERY**

(11th Cir. 1992) (requiring disclosure of psychiatric report raising question as to defendant's sanity and competence); *United States v. Weintraub*, 871 F.2d 1257, 1265 (5th Cir. 1989) (vacating sentence where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant); *Walker*, 763 F.2d at 955 (holding that due process was violated by suppression of a prisoner's statement suggesting that he committed the shooting for which the defendant was convicted); *United States v. Poole*, 379 F.2d 645, 648–49 (7th Cir. 1967) (reversing, through court's inherent supervisory power, for failure to disclose medical exam showing no evidence of sexual assault); *Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 845 (4th Cir. 1964) (requiring disclosure of ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80, 85 (5th Cir. 1963) (requiring disclosure of psychologist's report that defendant was incompetent to stand trial).

42.    Any evidence mitigating the punishment of the defendant. *Brady*, 373 U.S. at 84–85 (requiring new trial on question of punishment only after suppression of accomplice statement that he, not defendant, was actual shooter); *Spagnoulo*, 960 F.2d at 994 (requiring disclosure of psychiatric report raising question as to defendant's sanity and competence); *Weintraub*, 871 F.2d at 1264 (vacating sentence where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant); *Lewis v. Lane*, 832 F.2d 1446, 1459 (7th Cir. 1987) (stating that prosecution

**Page 23 REQUEST FOR DISCOVERY**

should have disclosed evidence that defendant did not have certain prior convictions, even though defense counsel had stipulated to their existence).

43. The commencement and termination date of the grand jury that indicted the defendant. *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990); *United States v. Diaz*, 236 F.R.D. 470, 478–79 (N.D. Cal. 2006) (granting defendant's request for discovery of orders regarding the beginning or extension of grand jury term); *see also* 28 U.S.C. § 1867(a) ("[T]he defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury."); Fed. R. Crim. P. 6(b)(2) ("A party may move to dismiss the indictment based on an objection to the grand jury . . . .").

44. The number of grand jurors attending each session of the grand jury and the number of grand jurors voting to indict. *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir. 1980) (stating that prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict"); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) (stating that ministerial matters like court's legal instructions to grand jury must be disclosed).

45. The name of every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (noting court's inherent authority to order discovery of names of witnesses); *United States v. Tucker*, 716 F.2d 576, 583 (9th

**Page 24 REQUEST FOR DISCOVERY**

Cir. 1983) (finding ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("Both sides have the right to interview witnesses before trial.").

## THE PROSECUTOR HAS A DUTY OF INQUIRY

The prosecutor is requested to make personal and specific inquiry of each government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon.  *Kyles*, 514 U.S. at 437 ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *Carriger*, 132 F.3d at 479–80 ("[T]he prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf."); *Alvarez*, 86 F.3d at 905 ("[T]he better practice is for the prosecutor herself to review . . . materials directly related to the investigation and prosecution of the defendants, such as a testifying officer's surveillance notes."); *Wood*, 57 F.3d at 737 ("For *Brady* purposes, the FDA and the prosecutor were one."); *United States v. Santiago*, 46 F.3d 885, 893–94 (9th Cir. 1995) (holding, for purposes of Rule 16 discovery, that the prosecution had "possession and control" of Bureau of Prisons files); *Bryan*, 868 F.2d at 1036–37 ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation" even if outside the district of the

**Page 25 REQUEST FOR DISCOVERY**

prosecution); *United States v. Colima-Monge*, 962 F. Supp. 1337, 1341 (D. Or. 1997) (holding that files of an interjurisdictional state–federal agency were within the possession, custody, or control of the federal government); *see also Demjanjuk v. Petrovsky*, 10 F.3d 338, 353–54 (6th Cir. 1993) (finding that the government perpetrated fraud on the court by failing to produce exculpatory material); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (requiring prosecution to search local police files for information affecting credibility of police officer who was key witness and who, after first trial, was found shot with her own revolver in the presence of another police officer); *Perdomo*, 929 F.2d at 969–71 (requiring the prosecution to check witness's criminal record in local jurisdiction as well as NCIC records); *Osorio*, 929 F.2d at 762 ([T]the prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government."); *United States v. Jackson*, 780 F.2d 1305, 1308 n.2 (7th Cir. 1986) (holding an FBI agent's knowledge attributable to prosecutor); *Bailleaux*, 685 F.2d at 1113–14 (holding that, for Rule 16 purposes, possession by the FBI is deemed custody by the U.S. Attorney), *receded from on other grounds by Miller*, 874 F.2d at 1255; *Auten*, 632 F.2d at 481 (requiring prosecution to seek out "readily available" information impeaching its witnesses, such as information in FBI and NCIC databases); *Martinez v. Wainwright*, 621 F.2d 184, 186–87 (5th Cir. 1980) (finding a rap sheet in a medical examiner's file to be in the custody of the prosecution); *Butler*, 567 F.2d at 889 (finding the prosecutor responsible for promise by

**Page 26 REQUEST FOR DISCOVERY**

agent even if prosecutor did not know of it); *United States v. McCord*, 509 F.2d 334, 342

n.14 (D.C. Cir. 1974) (en banc) ("The 'prosecution' includes all agencies of the federal

government involved in any way in the prosecution of criminal litigation."); *Barbee*, 331

F.2d at 846 (finding that exculpatory ballistics report known only to police was in

possession of prosecutor for discovery purposes).

### THE PROSECUTOR HAS A DUTY OF CONTINUING DISCOVERY

The government has a continuing duty to disclose the foregoing evidence as soon

as the government or any of its agents discovers its existence.  *See* Rule 16(c); *Pennsylvania*

*v. Ritchie*, 480 U.S. 39, 60 (1987) ("Moreover, the duty to disclose is ongoing; information

that may be deemed immaterial upon original examination may become important as the

proceedings progress . . . ."); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A

prosecutor's decision not to preserve or turn over exculpatory material before trial,

during trial, or after conviction is a violation of due process under *Brady* . . . ."); *United*

*States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (stating that continuing duty to

disclose was breached when prosecutor did not disclose fact that witness would soon

accept immunity offer).

The Ninth Circuit may invoke its supervisory power to reverse a conviction where

a prosecutor breaches the duty to disclose. *United States v. McClintock*, 748 F.2d 1278,

1284–85 (9th Cir. 1984).  Any doubt about the need to disclose such evidence must be

**Page 27 REQUEST FOR DISCOVERY**

resolved "in favor of disclosure."  *United States v. Ramirez*, 608 F.2d 1261, 1266 n.6 (9th Cir. 1979); *see Kyles*, 514 U.S. at 439; *Agurs*, 427 U.S. at 108.

The duty to disclose encompasses even those documents and statements the defense might already have.  *Gantt v. Roe*, 389 F.3d 908, 913 (9th Cir. 2004) ("Though defense counsel could have conducted his own investigation, he was surely entitled to rely on the prosecution's representation that it was sharing the fruits of the police investigation."); *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("The availability of particular statements through the defendant himself does not negate the government's duty to disclose.").

Disclosure is required even if, in the government's view, the evidence is not admissible at trial.  *Spence v. Johnson*, 80 F.3d 989, 1005 n.14 (5th Cir. 1996); *Sudikoff*, 36 F. Supp. 2d at 1201 (requiring under *Brady* "the disclosure of information that is likely to result in admissible evidence that would give the jury or court a more complete basis for judging guilt or punishment").

Should the prosecutor have a good faith doubt whether evidence should be disclosed, he or she is required to ask the court for an in camera review.  *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (requiring the prosecution to either disclose material evidence or submit it to the court); *Cadet*, 727 F.2d at 1470 ("This unfortunate contretemps could have been avoided had the United States Attorney's Office been

**Page 28 REQUEST FOR DISCOVERY**

willing to produce all *Brady* and Rule 16 material in a timely manner and to submit

material as to which there was any doubt for in camera review."); *see United States v. Scafe*,

822 F.2d 928, 936 (10th Cir. 1987) (holding that a good faith belief that defendant's

statements are not discoverable does not excuse failure to disclose).

RESPECTFULLY submitted this 16th day of October, 2018.


*/s/ Brian C. Butler*
Brian C. Butler
Assistant Federal Public Defender


**Page 29 REQUEST FOR DISCOVERY**