Brian C. Butler, OSB #981903
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon  97501
(541) 776-3630 Telephone
(541) 776-3624 Facsimile
Brian_Butler@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  1:18-cr-00464-AA |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| WILLIAM GREGORY DOUGLAS, | |
| Defendant | September 10, 2020, 3 p.m. |

William Gregory Douglas faces sentencing for Interstate Communications with Intent to Extort in violation of 18 U.S.C. § 875(c).  Mr. Douglas agrees with the government and the Presentence Report (PSR) that a sentence of TIME SERVED is "sufficient, but not greater than necessary" to serve the goals of sentencing outlined in 18 U.S.C. § 3553(a).

Page 1  DEFENDANT'S SENTENCING MEMORANDUM

**Advisory Sentencing Guidelines Analysis**

The advisory sentencing guidelines analysis contained in the Presentence Report (PSR) is correct. Mr. Douglas' base offense level is 12. U.S.S.G. § 2A6.1. He receives a two-level increase because there were more than two threats. U.S.S.G. § 2A6.1(b)(2)(A). He receives a two-level decrease for acceptance of responsibility. U.S.S.G. § 3E1.1. This results in a total offense level of 12. Mr. Douglas is in criminal history category II based on three criminal history points. This results in an advisory sentencing guidelines range of 12-18 months. The parties and the PSR agree that Mr. Douglas should receive no more than the low-end of 12 months, amounting to time served, followed by three years of supervised release.

**Sentencing Factors in 18 U.S.C. § 3553(a).**

Under 18 U.S.C. 3443(a), the Court is directed to impose a sentence sufficient, but not greater than necessary to comply with the goals of sentencing identified by Congress, In particular, the Court is directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the goals of sentencing: punishment, deterrence, protection of the

public, and rehabilitation of the defendant; (3) the kind of sentences available; (4) the recommended sentence under the sentencing guidelines; (5) any pertinent U.S.S.C. policy statements; (6) the need to avoid unwarranted disparities among similar defendants; and (7) the need to provide restitution to victims.

The United States Supreme Court indicated that post-offense rehabilitation may be "highly relevant" to several of the §3553(a) factors.

> [E]vidence of postsentencing rehabilitation may plainly be relevant to "the history and characteristics of the defendant." §3553(a)(1). Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in §3553(a)(2) - in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training . . . or other correctional treatment in the most effective manner." §§ 3551(a)(2)(B)-(D); See [United States v.] McMannus, 496 F. 3d. at 853 (Melloy, J., concurring) ("In assessing . . . deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct."). Postsentencing rehabilitation may also critically inform a sentencing judge's duty under § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in §3553(a)(2).

*Pepper v. United States*, 562 U.S. 476, 491 (2011).

While in the Jackson County Jail for over a year, Mr. Douglas sought what little mental health treatment was available, and was placed on multiple

psychotropic medications. These medications, combined with abstinence from alcohol and marijuana, stabilized Mr. Douglas' anxiety and neurocognitive disorders.

On February 20, 2020, this Court released Mr. Douglas from custody pending sentencing. Since that time, he has completed a mental health assessment, attends weekly counseling sessions, and has been in full compliance with his release conditions. PSR ¶ 13.

Mr. Douglas' post-offense rehabilitation demonstrates that he does not pose a danger to the community, and a sentence a the low-end of the advisory United States Sentencing Guidelines, amounting to TIME SERVED is "sufficient, but not greater than necessary" to serve the goals of sentencing in this case, as set in 18 U.S.C. § 3553(a).

Respectfully submitted this 2nd day of September, 2020.

>*/s/ Brian C. Butler*
>Brian C. Butler
>Assistant Federal Public Defender

Page 4  DEFENDANT'S SENTENCING MEMORANDUM